UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RAYMOND TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-256-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD IVES, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Raymond Taylor is an inmate currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without counsel, Taylor has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee.

In his petition, Taylor - a District of Columbia prisoner sentenced under a prior version of the D.C. Code - alleges that the Bureau of Prisons ("BOP") has improperly assigned him a public safety factor ("PSF") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law No. 105-33, §§ 1100-1723, 111 Stat. 251, 712-87 (1997). More particularly, Taylor claims the PSF applied to him has increased his security classification which in turn has resulted in his confinement in USP-McCreary, a federal penitentiary, instead of a medium-security level federal prison; has precluded his participation in rehabilitative and educational programs available in lower security level prisons; has prevented him from earning as many good-time credits as he would have otherwise been able to accrue under provisions of the D.C. Code in effect when he was sentenced in 1989; has

1

deprived him of due process and equal protection of the law guaranteed by the Fifth Amendment of the United States Constitution; and has violated the Ex Post Facto Clause of the United States Constitution.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

A petition for a writ of habeas corpus under Section 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *Capaldi v.Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Claims challenging conditions of confinement, on the other hand, must be brought in a civil rights action under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not a Section 2241 habeas petition. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

Taylor challenges his PSF, alleging that the PSF has caused increased his security-level and adversely affected his placement as well as other conditions of his confinement. Challenges

to security classification and place of confinement are "conditions of confinement" claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331.  *Phillips v. Brady*, No. 3:10-CV-P617, 2011 WL 3489177, at *2 (W.D. Ky. Aug. 9, 2011); *McCray v. Rios*, No. 08-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009); *Simmons v. Curtin*, No. 10-cv-14751, 2010 WL 5279914, at *1 (E.D. Mich. Dec. 17, 2010) ("Simmons's challenges to his security classification and resulting transfer to a different facility, however, are not attacks upon the execution of his sentence, and therefore, are not cognizable under § 2241.").

When a prisoner files a Section 2241 petition challenging conditions of his confinement, the proper course is to deny the petition "so that the would-be Plaintiff can properly assert the claims in a civil rights action."  *McCray*, 2009 WL 103602, at *4 (citing *Martin*, 391 F.3d at 714); *McCall v. Ebbert*, 384 F. App'x 55, 57 (3d Cir. 2010).  A district court should not convert the habeas petition into a civil action brought pursuant to *Bivens* or 42 U.S.C. § 1983.  *Martin*, 391 F.3d at 713;  *Phillips*, 2011 WL 3489177, at *2; *Williams v. Zuercher*, No. 09-cv-127, 2010 WL 420066, at *4 (E.D. Ky. Feb. 1, 2010).  Therefore, the Court will deny Taylor's Section 2241 petition without prejudice to his filing a *Bivens* action asserting his claims.

However, even if Taylor files a *Bivens* action, he may not prevail on the merits of his Fifth Amendment due process and equal protection claims.  Prisoners have no constitutional right to be confined in, or transferred to, particular facilities, or to be placed in a specific security classification.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 244 (1976); *Watkins v. Curtin*, No. 1:05-cv-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005); *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004).  Further, participation in rehabilitation programs is a privilege that the BOP may bestow or deny; Taylor has no constitutional right to such programs.  *Coleman-Bey v. Hastings*, No. 05-cv-186-KKC, 2005 WL

1866042, at *5 (E.D. Ky. Aug. 3, 2005) (*citing Preston v. Ford*, 378 F.Supp. 729, 730 (E.D. Ky.1974)).

As for the PSF assigned to Taylor, 18 U.S.C. § 3621 expressly vests the BOP with discretion to determine both the custody classification and security levels of federal inmates. The BOP exercises this discretion pursuant to P.S. 5100.08. *Perez v. Lappin*, 672 F. Supp. 2d 35, 40 (D. D.C. 2009). The fact that a given PSF may adversely affect a federal inmate's eligibility to participate in certain BOP programs, such as halfway house placement and a one-year sentence reduction which may be awarded upon successful completion of a drug-abuse treatment program, does not violate an inmate's rights to due process and equal protection under the law. *Muniz v. Sabol*, 517 F.3d 29, 40 (5th Cir. 2008); *Perez*, 672 F. Supp. 2d at 41; *Gonzalez-Radiya v. United States*, No. 06-cv-187-TUC, 2006 WL 1050284, at *1 (D. Ariz. April 20, 2006); *Mejia-Gomez v. DHS/ICE*, No. No. Civ. 05-5000(JBS), 2006 WL 1098226, at *3 (D.N.J. Mar. 31, 2006); *Bazuaye v. Tombone*, 275 F.3d 44 (5th Cir. 2001).

Furthermore, Taylor's *ex post facto* argument would also likely fail on the merits. The Revitalization Act gives the BOP exclusive jurisdiction over all D.C. felony prisoners wherever confined. *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). The Act is not an *ex post facto* law because it "only transferred paroling authority from one agency to another." *Smith v. Lamana*, No. 6:06-1431-CMC, 2007 WL 904282, at *6 (D.S.C. Mar. 22, 2007); *Jackson v. U. S. Parole Commission*, No. 2:07cv503, 2009 WL 122592, at *4-5 (E.D. Va. Jan. 16, 2009).

In sum, Taylor may not challenge his PSF, security classification, or place of confinement in a Section 2241 petition. The petition will be denied without prejudice to Taylor's right to file a *Bivens* action asserting his claims.

Accordingly, it is hereby **ORDERED** as follows:

(1)     Petitioner Raymond Taylor's 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**.

(2)     The Court will enter an appropriate judgment.

(3)     This matter is **STRICKEN** from the active docket.

This 12th Day of December 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge